## Case No. 10,843.

### PAUL v. KANE.

[5 Cranch, C. C. 549.] [1]

Circuit Court, District of Columbia.    Jan. Term, 1840. [2]

LETTERS OF ADMINISTRATION CUM TESTAMENTO ANNEXO—EXECUTOR ACTING UNDER PRIOR APPOINTMENT.

Letters of administration, with the will annexed, granted in the District of Columbia while there was an executor acting under letters testamentary granted in Maryland, are void.

Assumpsit for money had and received by the defendant [Elias Kane] for the use of the plaintiff [Gabriel Paul], as executor of Edward Coursault, to recover from the defendant the sum of $7,864.32 principal, and $304.72 interest, received by the defendant from the treasury of the United States, for indemnity for French spoliation of the testator's brig Good Friends and cargo, confiscated by the French government in 1810. This money was received by the defendant under letters of administration with the will annexed of the said Edward Coursault, granted by the orphans' court of the county of Washington in the District of Columbia, on the 28th of March, 1837. Edward Coursault died in August, 1814. His will was proved, and letters testamentary were granted to the plaintiff by the orphans' court of Baltimore county, in Maryland, on the 27th of August, 1814. The memorial to the commissioners under the French treaty was presented by Madame Aglae Coursault in her own name, as executrix of the testator, stating that letters testamentary had been granted to her and to Gabriel Paul (the plaintiff), who were named executors in the will, and that whatever might be awarded would belong solely and exclusively to her, as executor of the testator. Upon affidavit that she died in 1835, the orphans' court of Washington county granted the letters of administration to the defendant; the executor, Gabriel Paul, being still alive, and under the act of congress of the 24th of June, 1812, § 11 (2 Stat. 755), competent to sue for and recover any claim in the District of Columbia, in the same manner as if the letters testamentary had been granted by the proper authority of the district.

Mr. Coxe, for plaintiff, cited Griffith v. Frazier, 8 Cranch [12 U. S.] 9, and Childres v. Emory, 8 Wheat. [21 U. S.] 671.

Mr. Key, for defendant, cited 1 Peters d. Abr. 250; 1 Saund. 274, note 3; 1 Chit. Pl.

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Affirmed in 14 Pet. (39 U. S.) 33.]

[18 Fed. Cas. page 1347] (Case No. 10,845) PAUL

484; 2 Starkie, Ev. 548, 549, pt. 4; Marsfield v. Marsh, 2 Ld. Raym. 824; Jones v. Jones, 1 Bing. 249; Hunt v. Stevens, 3 Taunt. 113; Story, Confl. Law, 421, 430; 3 Bac. Abr. 38; Stevens v. Gaylord, 11 Mass. 256; Langdon v. Potter, Id. 313; 1 Wheel. 236, 243; Hughes v. M'Kinsey, 5 T. B. Mon. 40; Henderson v. Clarke, 4 Litt. (Ky.) 277.

THE COURT was of opinion that, as there was an executor qualified and competent to sue, when the orphans' court of the county of Washington granted the letters of administration to the defendant, the latter were void.

Verdict for plaintiff. Judgment affirmed by the supreme court of the United States, at January term, 1840 [14 Pet. (39 U. S.) 33.]